# IN THE CIRCUIT COURT OF MARYLAND
# FOR PRINCE GEORGE'S COUNTY

Malina M. Hasan
15001 Jorrick Ct.
Bowie, MD 20721

        Plaintiff(s)

                      CAE

vs.

Ocwen Loan Servicing, LLC et al
1661 Worthington Rd. Suite 100
West Palm Beach, FL 33409
its successors and assigns

        Defendant(s)

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## ACTION TO QUIET TITLE

The Plaintiff petitions this court for a proceeding to Quiet the TITLE/CLEAR cloud on title of subject property herein stated.

Plaintiff is the TITLE/DEED owner of the real property commonly known as 15001 Jorrick Ct. Bowie, MD 20721.

Plaintiff alleges and asserts pursuant to UCC 3-302 that the Counterclaim Defendants (Trustee) and/or the agent it represents is NOT Holder/holder in Due Course of the "authentic original unaltered Promissory Note" evidencing the claimed indebtedness, entitling Counterclaim Defendants (Trustees) and/or the agent it represents to a right to payment and as such is unlawfully, encumbering and clouding the TITLE of subject property.

Plaintiff alleges and asserts that Green Point Mortgage Funding et al at the inception of the alleged contract violated numerous sections of the Statutes at Large (13 Stat 99).

One such section states Financial Institutions cannot enter into mortgage agreements for real estate beyond a 5year period. The note referenced herein was for a 30-year mortgage, which by operation of law is Fraudulent as well as the alleged contract which omits both signatures as required by Contract Law and TILA violations of full disclosure and a meeting of the minds.

Plaintiff specifically challenges the debt instrument that give rise to any lien instrument.

Plaintiff pursuant to UCC 3-308 hereby denies the validity of signature on any photocopy of a Promissory Note and hereby requests the issuance of a subpoena for the
Authentic original unaltered Promissory Note to be produced for and on the record.

Ocwen Loan Servicing, LLC et al its successors and assigns
or Attorneys et al. in its communication to Plaintiff was acting as a debt collector, which violates the Statutes at Large as defined at Public Law 95-109, 91 Stat 874 Sec 803 (6)(F).


Even technical violations will form the basis for liability. The mortgagors had a right to rescind the contract in accordance with **15 U.S. C. §1635(c). New Maine Nat. Bank v. Gendron, 780 F. Supp. 52 (D. Me.1992).** The court held that defendants were entitled to rescind loan under strict liability terms of TILA because plaintiff violated TILA's provisions.

Because the bank knew this information and neglect to inform the borrower of this important detail, that the trustee to a deed of trust contract is a strawman, then there is not a meeting of the minds to the contract agreement. The contract was constructed by the bank against the borrower without the borrower having all of the same information as the bank, as per the rules of the contract. Due to there not being a meeting of the minds to the contract prior to the signing

of the contract, and that the rules of the contract are deceptive in nature and benefit one party over the other to the benefit of the bank constructing the contract, this is **fraud by the misrepresentation of a material fact.**

Through the rules that dictate contract law, and through the **Statute of Frauds (1677),** it is given that any and all changes in any real estate contract must be done in writing and signed by all parties involved in the contract. There must be a meeting of the minds of the rules governing the contract **or the contract is to be deemed Void. Proof of this See (Exhibit A)**

The Bank Never Had a Contract Nor Signed With **Plaintiff** at Closing, To Make A Contract Valid Both Parties Must Sign.

Plaintiff hereby reserves the right to amend claim to add additional violation of law.

Plaintiff further notices the Court that if Plaintiff's remedy pursuant to the Statutes at
Large, Commercial Law and Constitutional Law is violated, Plaintiff will file an action quo warranto for the law supporting such denial of remedy and/or remove action to Federal Court.

WHEREFORE, Plaintiff demands that the title of Plaintiff's property at 15001 Jorrick Ct. Bowie, MD 20721 be confirmed and quieted. That any lien interests and rights thereof, asserted by Defendants (Trustees) or the agent it represents be forever declared invalid, unenforceable and an unjust cloud on the title, and declared null and void and to rescind the alleged contract in accordance with **15 U.S. C. §1635(c)** by Order of the Court. Plaintiff requests that any foreclosure conducted prior to the adjudication of this case by the Defendants that it be vacated because a signed contract of both parties' signatures was never done nor consideration given. Plaintiff also

requests a hearing on this matter any and all other just and proper relief, not specifically requested but appropriately due in the interest of justice.

Respectfully Submitted,

_Malina M. Hasan_
Malina M. Hasan