### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **MALINA M. HASAN,** *pro se* | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Civil No. **PJM 16-3598** |
| | * | |
| **OCWEN LOAN SERVICING, LLC** | * | |
| | * | |
| Defendant | * | |

### MEMORANDUM OPINION

*Pro se* Plaintiff Malina M. Hasan brings this action against Defendant Ocwen Loan Servicing, LLC ("Ocwen") to quiet title in her favor on a residential property at 15001 Jorrick Court in Bowie, Maryland.

Ocwen has filed a Motion to Dismiss the Complaint, ECF No. 6. Hasan has filed a Motion to Strike, ECF No. 10, and a Motion for Summary Judgment, Motion for Sanction, and Motion to Dismiss for Violation of the Automatic Stay ("Motion for Summary Judgment"). ECF No. 11. For the Reasons that follow, the Court **GRANTS** Ocwen's Motion to Dismiss and **DENIES** Hasan's Motion to Strike. Hasan's Motion for Summary Judgment, for Sanctions, and to Dismiss is **MOOT**.

### I.    Factual and Procedural Background

The Complaint alleges very few facts. Hasan avers that she is the owner of real property at 15001 Jorrick Court Bowie, Maryland ("the Property"). ECF No. 2 at 1. But while it is not specifically alleged in the Complaint, at some point Hasan presumably took out a mortgage to purchase the Property, which is currently being serviced by Ocwen.

-1-

Hasan alleges that Ocwen or parties with which Ocwen is joined in interest, transgressed four laws with respect to the origination of her mortgage. First, she avers that the deed of trust was by definition invalid because the loan had a term of thirty years and financial institutions cannot enter mortgage agreements that last more than five years. ECF No. 2 at 2. Next, she alleges that the originator of the loan violated the Truth in Lending Act ("TILA"), because it omitted certain (unspecified) required disclosures. She also asserts her right to rescind the mortgage under TILA. *Id.* Further, Hasan argues that the loan was fraudulent because, as borrower, she did not have the same information as the bank, hence there was no "meeting of the minds" required to establish a contract. *Id.* Finally, she argues that certain mortgage documents violated the Statute of Frauds because both parties did not sign them. *Id.*

It is not clear from the Complaint whether the Property is currently in foreclosure. The Complaint also does not specify when or how Ocwen obtained the right to service the loan or who, in fact, originated it.

Hasan originally filed her Complaint against Ocwen to quiet title in the Circuit Court for Prince George's County on September 2, 2016. ECF No. 2. The case was removed to this Court on October 30, 2016.

In this Court, on November 4, 2016, Ocwen filed a Motion to Dismiss Hasan's Complaint ("Motion to Dismiss"). ECF No. 6. Hasan subsequently filed a Motion to Strike Ocwen's Motion to Dismiss ("Motion to Strike"), ECF No. 10, to which Ocwen timely responded. ECF No. 13.

On December 9, 2016, Hasan added a Motion for Summary Judgment, Motion for Sanctions, and Motion to Dismiss for Violation of the Automatic Stay ("Motion for Summary Judgment"), ECF No. 11, all of which Ocwen opposed. ECF No. 14.

Hasan notified the Court on December 13, 2016 that she had filed for Chapter 13 bankruptcy protection. ECF No. 12. But Owcen notified the Court on March 30, 2017 that the bankruptcy case had been dismissed. ECF No. 15.

## II.     Hasan's Motion to Strike

The Court begins with Hasan's Motion to Strike the Motion to Dismiss.

She argues that Ocwen's Motion to Dismiss should be stricken "until [Ocwen is] able to prove no fraud has taken place or any violations or misconduct." ECF No. 10 at 1. Hasan clearly misunderstands the purpose of a Motion to Strike. Pursuant to Fed. R. Civ. P. 12(f) "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Ocwen's Motion to Dismiss falls into none of those categories. Moreover, a Motion to Dismiss is not a pleading and cannot be stricken pursuant to Fed. R. Civ. P. 12(f). *See* Fed. R. Civ. P. 7(a) (listing types of pleadings).[1]

The Court **DENIES** the Motion to Strike, but will take note of its contents insofar as it contains arguments in opposition to Ocwen's Motion to Dismiss.

## III.     Ocwen's Motion to Dismiss

In order to survive a Motion to Dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Bare legal conclusions are not entitled to the assumption of truth and are insufficient to state a claim. *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009). Fed R. Civ P. 9(b) provides that in

---

[1] The Motion to Strike is also evidence of Hasan's broader lack of understanding as to who has the burden of proof in this case. She writes "Defendant as well as it's Attorneys and the Trustees has yet to adhere to the following Maryland Real Property Code and to prove Beyond a Shadow of a Doubt that these actions did not occur, until such time no sale can be ratified do to fraud, and TILA violations." ECF No. 10 at 3. In fact, in a quiet title action, as is true in all civil actions, it is the plaintiff, here Hasan, who carries the burden to prove her case by a preponderance of the evidence. *Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir. 2014).

alleging a fraud, a plaintiff "must state with particularity the circumstances constituting fraud or mistake," meaning that they must allege "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Harrison v. Westinghouse Savannah River Co.,* 176 F.3d 776, 784 (4th Cir. 1999) (quoting 5 Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure: Civil* § 1297, at 590 (2d ed. 1990)).

Hasan's action is to quiet title to the Property, which in Maryland "cannot, as a general rule, be maintained without clear proof of both possession and legal title in the plaintiff." *Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir. 2014) (quoting *Stewart v. May,* 111 Md. 162, 73 A. 460, 463–64 (1909)). The plaintiff bears the burden of demonstrating that she has both possession and legal title. *Id.*

Although the Complaint avers few facts, Hasan's argument appears to be that at the time of the origination of the mortgage in 2005, no lien attached to the Property for four reasons: (1) mortgage loans with terms of more than five years are *per se* illegal, (2) the mortgage originator violated TILA, (3) the mortgage originator committed a fraud that resulted in Hasan not understanding the terms of her loan, and (4) the promissory note did not conform to the Statute of Frauds. In consequence, Hasan argues, she has clear legal title to her property and is entitled to prevail in a quiet title action.

None of these arguments are availing. It is not clear on what authority Hasan bases her claim that mortgages with a thirty-year term are "by operation of law . . . Fraudulent." ECF No. 2 at 2. In fact, thirty-year mortgages have been the norm in housing finance since the 1950s. *See* Adam J. Levitin (FNa1) & Susan M. Wachter, *The Public Option in Housing Finance*, 46 U.C.

Davis L. Rev. 1111, 1146 (2013). As a matter of law, this argument is rejected.

Hasan's claims with respect to TILA violations and fraud fail because she alleges no facts at all about the circumstances of the mortgage origination. She does not set forth when and where she signed the promissory note and deed of trust nor with which financial institution. She does not recount whether any loan officer was present for the settlement, what disclosures and representations they made (or did not make), and what she understood to be the terms of her loan. She also does not describe her reliance on those representations by the bank or what damages she suffered as a result of her reliance. But one reality disposes of the whole matter. The statute of limitations on TILA claims is three years, 15 U.S.C § 1635, which had clearly lapsed before Hasan filed this suit in 2016. The TILA claim is, quite simply, groundless.

With respect to her claim pertaining to the Statute of Frauds, Hasan does not allege in the body of her Complaints any supportive facts at all, but merely attaches what is apparently the last page of the promissory note,[2] which has the following notation:

Without Recourse Pay to the Order of:

_____

GreenPoint Mortgage Funding, Inc.

followed by the signature and name of the Vice President of GreenPoint Mortgage Funding. ECF No. 2-1 at 2. Hasan avers that the blank line is evidence that her promissory note was never

---

[2] The Court may consider documents attached to a complaint or motion to dismiss "so long as they are integral to the complaint and authentic." *Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir. 2014) (quoting *Philips v. Pitt Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir.2009). Though the Defendants do not contest the authenticity of the document Hasan attached to her Complaint, the Court notes that Hasan only provides what the Court presumes to be the last page of the promissory note, which contains only the indorsement described *supra*. The Court is wary of drawing any conclusions based on one page extracted from a larger document.

countersigned and, as a result, violates the Statute of Frauds.

In fact, this type of notation is commonly used in commercial paper. Rather than invalidating it, this notation signifies that the Promissory Note has been indorsed in blank, which means that the instrument "becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed." Md. Code Ann., Com. Law § 3-205.  Without further factual allegations, or indeed, a copy of the full promissory note demonstrating that it was not signed, Hasan's argument that the promissory note violated the Statute of Frauds is fatally hollow.[3]

In short, in her Complaint Hasan offers no "more than labels and conclusions." *Soft Stuff Distribs., Inc. v. Ryder Truck Rental, Inc.,* Civil No. CCB-11-2605, 2012 U.S. Dist. LEXIS 105681, 2012 WL 3111679 at *3 (D. Md. Jul. 30, 2012). Absent even a modicum of facts, none of Hasan's theories that her Property is unencumbered by a lien is meritorious and dismissal is entirely in order.

Furthermore, the dismissal will be with prejudice. A district court may dismiss a complaint with prejudice when "it is clear that amendment would be futile in light of the fundamental deficiencies in plaintiffs' theory of liability. " *Cozzarelli v. Inspire Pharm. Inc.*, 549 F.3d 618, 630 (4th Cir. 2008). That is unquestionably the case here.

Hasan's arguments that the thirty year term of the loan invalidated her mortgage lien and

---

[3] The deed of trust, which Ocwen attached to its Motion to Dismiss, also belies any argument that the transaction violates the Statute of Frauds. Pursuant to the Maryland Statute of Frauds, "[n]o corporeal estate, leasehold, or freehold, or incorporeal interest in land may be assigned, granted, or surrendered, unless it is in writing signed by the party assigning, granting, or surrendering it, or his agent lawfully authorized by writing, or by act and operation of law. Md. Code Ann., Real Prop. § 5-103 (West). In this case, Hasan was the party surrendering an interest. She does not dispute that her initials appear on every page of the deed of trust and her signature appears at the end of the document. ECF No. 6-1.

that the mortgage document violated the Statute of Frauds are invalid as a matter of law. Amendment of her Complaint with respect to those theories would thus be futile.

Her claims as to the alleged TILA violation are time-barred because the Deed of Trust was signed in 2005 and the statute of limitations for a rescission pursuant to TILA ran from that year, even assuming, as Hasan alleges, that the mortgage originator failed to make required disclosures. 15 U.S.C. § 1635 ("An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first..."). Similarly limitations as to common law fraud under Maryland law also ran after three years. *Branch v. Bank of Am., N.A.,* No. CIV. PWG-11-3712, 2013 WL 6815903, at *2 (D. Md. Dec. 19, 2013) (quoting *United States v. Allen–Williams,* No. JFM–11–1001, 2011 WL 4985817, at *4 (D. Md. Oct. 19, 2011)). Since Hasan's suit was filed in 2016, it came well beyond the limitations period for her TILA and common law fraud claims.

With all avenues through which Hasan might at one time have attacked the lien on the Property closed, it is impossible for her to state a valid claim that she has clear legal title to the Property. Her cause of action has been extinguished and cannot be revived.

## IV. Conclusion

For the foregoing reasons:

Hasan's Motion to Strike Ocwen's Motion to Dismiss, ECF No. 10, is **DENIED;**

Ocwen's Motion to Dismiss, ECF No. 6, is **GRANTED WITH PREJUDICE;**

Hasan's Motion for Summary Judgment, Motion for Sanctions, and Motion to Dismiss, or Violation of Automatic Stay, ECF No. 11, is **MOOT;**

A separate Order will **ISSUE**.


$\underline{\phantom{xxxxxxxxx}\textbf{/s/}\phantom{xxxxxxxxxx}}$
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**July 26, 2017**